**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT CRAIG MACLEOD,

    Plaintiff,

vs.                                                          Case No. 3:14-cv-1018-J-34MCR

GAIL WADSWORTH, in her official
capacity as Court Clerk and Comptroller
of Flagler County, Florida,

    Defendant.
_____

**ORDER**

The case is before the Court on pro se Plaintiff's Motion for Temporary Restraining Order (Doc. 2; Motion), filed on August 26, 2014. Plaintiff apparently was the defendant in a state court foreclosure proceeding, in which the state court held a nonjury trial, despite Plaintiff's demand for a trial by jury on his counter-claim under 42 U.S.C. § 1983. See Verified Complaint and Incorporated Sworn Affidavit at 3 (Doc. 1; Complaint). According to Plaintiff, the state court judge entered final judgment on July 25, 2014, and has ordered a foreclosure sale to take place on September 3, 2014. Id. Plaintiff alleges that Defendant Gail Wadsworth, Clerk of the Circuit Court for Flagler County, Florida, has deprived him due process under the Fourteenth Amendment of the United States Constitution in refusing to file Plaintiff's § 1983 action "for protection from a nonjury trial" in the state court proceeding. See Complaint at 4; see also Motion. As such, Plaintiff seeks an injunction to prevent the

foreclosure sale of his residence. See Motion. Upon review of the Motion and Complaint, the Court determines that Plaintiff's Motion is due to be denied.[1]

Rule 65, Federal Rules of Civil Procedure (Rule(s)), as well as Local Rule 4.05, United States District Court, Middle District of Florida (Local Rule(s)), govern the entry of a temporary restraining order. Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 4.05(b)(2) requires that the motion be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury as well as showing "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." In addition, Local Rule 4.05(b)(3) directs that the "motion should also . . . describe precisely the conduct sought to be enjoined." Moreover, Local Rule 4.05(b)(4) provides that the legal memorandum in support of the motion must address four

---

[1] The undersigned finds a hearing on the Motion is unnecessary, and, as set forth in Rule 4.05(b), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), it can be resolved based on the papers submitted. See Local Rule 4.05(b) ("Due to previously scheduled business it will not ordinarily be possible for the Court to interrupt its daily calendar in order to conduct a hearing or entertain oral presentation and argument incident to an application for a temporary restraining order. The Court's decision, of necessity, will usually be made solely on the basis of the complaint and other supporting papers submitted pursuant to this rule.")

specific factors, including the likelihood of success, the threatened irreparable injury, potential harm to the opposing parties, and the public interest.

Plaintiff has failed to show that he has a substantial likelihood of succeeding on the merits of his claims. Plaintiff's Complaint and Motion seek this Court's interference in state court litigation that is either completed or ongoing. As has been explained to Plaintiff in his previous attempts to seek relief in this Court, under either the Rooker-Feldman[2] doctrine, or the Younger[3] abstention doctrine, this Court has no jurisdiction to interfere with state court final judgments or ongoing state court proceedings. See Macleod v. State of Florida, Case No. 3:13-cv-606-J-34JBT, Order Denying Plaintiff's Motion for Temporary Restraining Order, Doc. 10.

Additionally, Plaintiff has failed to demonstrate that he is substantially likely to succeed on the merits of his § 1983 claim. Plaintiff appears to allege that because he was denied a jury trial in the state court proceeding, the foreclosure sale is a denial of due process. Significantly, "[t]he Seventh Amendment right to trial by jury in a civil case has not been incorporated against the states." Phelan v. Norville, 460 F. App'x 376, 380 (5th Cir. 2012). As such, "a jury trial in a state civil case is not a right secured by the Constitution, so it cannot provide a basis for a § 1983 claim." Id. at 380-81. Indeed, this Court has previously explained to Plaintiff that his "right to a trial by jury under Florida law is a matter for him to pursue in state court, not here." Macleod v. Scott, Case No. 3:14-cv-753-J-32JBT, Order Denying Motions, Doc. 10. As such, the Court finds that Plaintiff's Motion is due to be

---

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[3] See Younger v. Harris, 401 U.S. 37 (1971).

denied.  See McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x 874, 878 (11th Cir. 2011).  In light of the foregoing, it is hereby

**ORDERED**:

Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 27th day of August, 2014.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

Counsel of Record
Unrepresented Party