**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT CRAIG MACLEOD,

    Plaintiff,

vs.                                                Case No. 3:14-cv-1018-J-34MCR

GAIL WADSWORTH, in her official
capacity as Court Clerk and Comptroller
of Flagler County, Florida,

    Defendant.
_____

## ORDER

The case is before the Court on pro se Plaintiff's Verified Motion for FRAP Rule 8 Injunction Pending Appeal (Doc. 18; Motion), filed on October 3, 2014. Following the Court's Orders (Docs. 10, 14) denying Plaintiff's motions seeking a temporary restraining order (Docs. 2, 11), Plaintiff appealed to the United States Court of Appeals for the Eleventh Circuit on August 29, 2014. See Notice of Appeal (Doc. 15). In the Motion, Plaintiff seeks an injunction to stay the execution of a state court Writ of Possession served on him on September 30, 2014, pending resolution of his appeal.[1]

---

[1] Plaintiff filed an identical motion in a separate case, see Macleod v. Scott, Case No. 3:14-cv-830-J-32JBT, Doc. 23, pending before the Honorable Timothy J. Corrigan, United States District Judge. In his October 3, 2014 Order denying that motion, Judge Corrigan noted the following:

> It appears the writ was to take effect on or after October 1, 2014, at 8:48 a.m. See Doc. 23, Appendix 16. Macleod signed his motion on October 2 and the Court assumes he had not yet been evicted. The motion arrived at the Clerk's Office in this afternoon's mail. It is possible that the motion is now moot; in case it is not, the Court issues this ruling.

Doc. 25 at 1 n.1. Having been advised of nothing further with regard to the status of Plaintiff's eviction, the Court similarly notes that while it is possible the Motion is now moot, it nevertheless issues this ruling in an abundance of caution.

Preliminarily, the Court notes that "[d]ifferent Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  Nevertheless, Federal Rule of Appellate Procedure 8(a)(1) and (C) provides that "[a] party must ordinarily move first in the district court" in order to seek "a stay of the judgment or order of a district court pending appeal" or "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." FED. R. APP. P. 8(a)(1)(A) & (C).   In the district court, it is the Federal Rules of Civil Procedure that govern the court's authority to enter such a stay. See Castillo v. Tucker, No. 10-23898-CIV, 2012 WL 2049360, at *1 (S.D. Fla. June 6, 2012); see also Madura v. BAC Home Loans Servicing L.P., No. 8:11-cv-2511-T-33TBM, 2013 WL 5566076, at *1 (M.D. Fla. Oct. 8, 2013). Relevant to this action, Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." FED. R. CIV. P. 62(c).  To obtain a stay, the moving party must demonstrate (1) a strong showing that he is likely to succeed on the merits; (2) that the moving party will be irreparably injured absent a stay; (3) that the issuance of the stay will not substantially injure the other parties interested in the proceeding; and (4) that the public interest will be served by the issuance of the stay.  See Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A., 210 F.3d 1309, 1313-14 (11th Cir. 2000) (quoting United States v. U.S. Fishing Vessel Maylin, 130 F.R.D. 684, 686 (S.D. Fla. 1990)); see also  Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing Jean v. Nelson, 683 F.2d 1311, 1312 (11th Cir. 1982)) (other citation omitted).

The Court's prior Orders (Docs. 10, 14) explain why Plaintiff is not entitled to the relief he seeks in bringing this action.  Because Plaintiff has failed to show that he has a substantial likelihood of succeeding on the merits of his appeal, his request for an injunction pending appeal is due to be denied.  In light of the foregoing, it is hereby

**ORDERED**:

Plaintiff's Verified Motion for FRAP Rule 8 Injunction Pending Appeal (Doc. 18) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 8th day of October, 2014.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

Counsel of Record
Unrepresented Party

lc18