UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT CRAIG MACLEOD,

       Plaintiff,

v.                                           CASE NO. 3:14-cv-1018-J-34MCR

GAIL WADSWORTH, in her official
capacity as Court Clerk and Comptroller
of Flagler County, Florida,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) ("Motion"), construed as a Motion to Proceed in Forma Pauperis, and Plaintiff's Verified Complaint Amendment 1 (Doc. 30).  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, and alleges Defendant violated his rights under the United States Constitution during state court foreclosure proceedings.  (*See* Doc. 30.)  For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Motion be **DENIED** and the case be **DISMISSED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

## I.      Background

Plaintiff was the defendant and counter-claimant in state court foreclosure

proceedings in which he made an unsuccessful demand for trial by jury on his

counter-claim(s).  After his demand for a jury trial was denied, Plaintiff filed the

instant action, along with numerous similar actions, alleging violations of his

rights under the Seventh and Fourteenth Amendments to the United States

Constitution.[2]  Plaintiff filed his original Complaint in the instant case on August

26, 2014.  (Doc. 1.)

On October 27, 2014, Plaintiff filed his Verified Complaint Amendment 1

("Amended Complaint") (Doc. 30).[3]  Plaintiff's Amended Complaint alleges two

counts against Defendant.  Count I alleges Defendant violated the Equal

Protection Clause of the Fourteenth Amendment to the United States

Constitution by failing to allow him to file a claim pursuant to 42 U.S.C. § 1983 in

the state court proceedings.  (*Id.* at 5.)  Count II appears to allege Defendant

violated the Due Process Clause of the Fourteenth Amendment to the United

States Constitution by failing to allow him to file the Section 1983 claim.  (*Id.* at

---

[2]  *See Macleod v. State of Florida*, 3:13-cv-606-J-34JBT; *Macleod v. Scott*, 3:14-cv-753-J-32JBT; *Macleod v. Scott*, 3:14-cv-793-J-39MCR; *Macleod v. Wadsworth*, 3:14-cv-794-J-39MCR, *Macleod v. Scott*, 3:14-cv-805-J-34JRK; *Macleod v. Scott*, 3:14-cv-806-J-32JBT; *Macleod v. Scott*, 3:14-cv-812-J-812PDB; *Macleod v. Scott*, 3:14-cv-823-J-32JRK; *Macleod v. Scott*, 3:14-cv-830-J-32JBT.

[3]  Federal Rule of Civil Procedure 15 allows a litigant to amend his or her pleadings once as a matter of course within 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(B).  As no response has been filed to Plaintiff's pleadings, the amended complaint if properly filed.

6.) Plaintiff's Amended Complaint requests the Court grant $1,500,000 in compensatory and punitive damages, as well as injunctive relief against enforcement of the state court foreclosure proceedings.  (*Id.*)

## II.      Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Even assuming that the application sufficiently demonstrates Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such an application is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  Further, courts should not dismiss a complaint for failure to state a claim, pursuant to Section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by Fed. R. Civ. P. 15."  *Troville v. Venz*, 303 F.3d 1256, 1260 n.5

(11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795

(2d Cir. 1999) (per curiam) ("Certainly the court should not dismiss without

granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated."  Courts are under no

duty, however, to "re-write" a plaintiff's complaint to find a claim.  *Peterson v.

Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III.   Discussion

#### A.   Injunctive Relief

Plaintiff requests this Court award injunctive relief against enforcement of

the state court's foreclosure judgment.  However, Plaintiff has been advised that

lower federal courts are without jurisdiction to unduly interfere with completed or

pending state court actions.[4]  With respect to completed state court actions,

Plaintiff was advised:

> The *Rooker-Feldman* doctrine makes clear that federal district courts
> cannot review state-court final judgments because that task is
> reserved for state appellate courts or, as a last resort, the United
> States Supreme Court. . . . The doctrine bars cases bought by state-
> court losers complaining of injuries caused by state court judgments
> rendered before the district court proceedings commenced and
> inviting district court review and rejection of those judgments.

*Macleod v. State of Florida*, Case No. 3:13-cv-606-J-34JBT (M.D. Fla. 2013)

(Doc. 19 at 5) (quotations and citations omitted).  The *Rooker-Feldman* doctrine

is implicated in this case as Plaintiff alleges injuries caused by an adverse state

---

[4] *See generally Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Younger v. Harris*, 401 U.S. 37 (1971).

court judgment.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,

284 (2005).   Additionally, Plaintiff's claim is inextricably intertwined with the state

court action as the injunctive relief sought would effectively nullify the state court

judgment.  *See Kohler v. Garlets,* 578 F. App'x 862, 864 (11th Cir. 2014) ("To the

extent Mr. Kohler claims that he was injured by the state court's foreclosure order

and seeks 'a determination as to the title and rights and interests' of the

foreclosed-upon property . . . the district court properly ruled that his claims were

barred by the *Rooker–Feldman* doctrine, as these claims are inextricably

intertwined with the state court's foreclosure judgment."); *Springer v. Perryman*,

401 F. App'x 457, 458 (11th Cir. 2010) (affirming the *Rooker-Feldman* doctrine

precluded review of the plaintiff's Section 1983 claims alleging constitutional

violations during state court proceedings, including violations of the Seventh

Amendment, and finding the claims were inextricably intertwined with the state

court's judgment).  Therefore, to the extent Plaintiff's state court actions were

completed at the time Plaintiff initiated this case, the *Rooker-Feldman* doctrine

precludes this Court from awarding injunctive relief against these proceedings.

With respect to state court actions pending at the time Plaintiff filed the

instant case, the Court previously advised Plaintiff that the *Younger* abstention

doctrine precludes this Court's undue interference with such proceedings.

Specifically, the Court advised:

> The *Younger* doctrine requires federal courts to abstain from
> exercising jurisdiction when doing so would cause undue
> interference with state court proceedings. . . .   The *Younger*

abstention doctrine is applicable to both criminal proceedings and
non-criminal proceedings when important state interests are
involved. . . . A court may abstain from granting injunctive relief
under *Younger* where: (1) the state proceeding is ongoing; (2) the
proceeding implicates an important state interest; and (3) there is an
adequate opportunity to raise a constitutional challenge in the state
court proceedings.

*Macleod v. State of Florida,* Case No. 3:13-cv-606-J-34JBT (M.D. Fla. 2013)

(Doc. 10 at 3-4) (quotations and citations omitted).  Courts have routinely held

abstention under *Younger* is appropriate where a plaintiff seeks injunctive relief

against ongoing state court foreclosure proceedings.[5]  Therefore, to the extent

Plaintiff's state court actions remained ongoing at the time Plaintiff initiated this

case, the *Younger* doctrine precludes this Court from awarding injunctive relief

against these proceedings.

Plaintiff has filed memoranda contesting the applicability of the *Rooker-*

*Feldman* and *Younger* doctrines to this case.  (*See* Docs. 31, 36, 37).  Plaintiff

argues the *Rooker-Feldman* doctrine is inapplicable here because the state

court's vexatious litigant order and dismissal of his claims denied him an

adequate opportunity to raise challenges to the foreclosure action.  (Doc. 31 at 1-

---

[5] *See Doscher v. Menifee Circuit Court,* 75 F. App'x 996, 997 (6th Cir. 2003) (affirming
dismissal for purposes of *Younger* abstention in a Section 1983 claim challenging state
foreclosure proceedings brought in state court); *Spooner v. Gautreaux,* 459 F. App'x
436 (5th Cir. 2012) (affirming *Younger* abstention was required where homeowners
brought a Section 1983 claim regarding transactions in a state foreclosure action);
*Cunningham v. JP Morgan Chase Bank*, 537 F. App'x 44 (3d Cir. 2013) (finding
*Younger* abstention appropriate where Plaintiff alleged fraudulent actions interfered with
his ability to defend against state court foreclosure proceedings); *Gray v. Pagano,* 287
F. App'x 155, 157–58 (3d Cir.2008) (affirming *Younger* abstention precluded district
court from awarding declaratory and injunctive relief against mortgage foreclosure
proceedings pending in state court).

9; Doc 36 at 2, 4-7, 19-32.)  Plaintiff has also provided a copy of the vexatious

litigant order to which he objects.  (Doc. 11-3.)  While the order dismissed

Plaintiff's pending claims and/or counterclaims, and restricted Plaintiff's ability to

file pro se pleadings in state court, it did not preclude Plaintiff from asserting his

challenges in the state court forum, as long as he complied with the conditions

set forth therein.  *See Lewis v. N. Am. Specialty Ins. Co.*, 2009 WL 950451, *3

(S.D. Ohio Apr. 1, 2009) ("Although Plaintiffs assert that, as declared vexatious

litigators, they must undergo a screening process in state court before they can

file in the probate case, even this additional hurdle still permits them to raise

worthy legal challenges."); *Freeman v. Texas*, 2008 WL 4155346, *4 n.9 (S.D.

Tex. Sept. 2, 2008) (finding the plaintiff had an adequate opportunity to raise

claims in state court despite the court's order finding plaintiff to be a vexatious

litigant, which intended to pre-screen plaintiff's filings for frivolousness, and

noting that plaintiff also had the option to hire an attorney).

 To the extent Plaintiff argues the vexatious litigant order was entered in

error, the Court lacks jurisdiction to review the alleged error.  *See Hupp v. Cnty.*

*of San Diego*, 2014 WL 2892287, *4 (S.D. Cal. June 25, 2014) (finding that under

*Rooker-Feldman*, the federal district court cannot review plaintiff's challenge of a

vexatious litigant order entered by the state court); *Sconiers v. Smith*, 2010 WL

2773306, *4 (E.D. Cal. July 13, 2010) ("Review of procedural matters, such as

the state court's determinations of Plaintiff's status as a vexatious litigant, . . .

must be addressed by California's appellate courts. Ultimately, appellate

jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court.") (citing 28 U.S.C. § 1257).  Because this Court does not have jurisdiction to review the underlying state court judgment or vacate the state court's vexatious litigant order, Plaintiff's claims for injunctive relief should be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).[6]

### B.    Monetary Damages

Plaintiff also seeks an award of monetary damages against Defendant in the amount of $1,500,000.00. (Doc. 30 at 5.)  To the extent Plaintiff seeks monetary relief against Defendant, this Court has jurisdiction to consider his claim.[7]  However, Defendant is immune from monetary relief in this case. Indeed, "[i]t is . . . well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages."  *Montero v. Travis,* 171 F.3d 757, 760 (2d Cir. 1999); *see also Wahl v. McIver,* 773 F.2d 1169, 1172 (11th Cir.

---

[6]  Dismissal should be without prejudice. *See Blankenship*, 551 F. App'x at 471 n.2 (stating that a dismissal of an action for lack of subject matter jurisdiction is an involuntary dismissal and, thus, it is without prejudice) (citing Fed. R. Civ. P. 41(b)) and *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (explaining that a district court's dismissal of a case for lack of subject matter jurisdiction should be without prejudice).

[7]  *See Drees v. Ferguson*, 396 F. App'x 656, 658 (11th Cir. 2010) (citing *Sibley v. Lando*, 437 F.3d 1067 (11th Cor. 2005) for the proposition that "the *Rooker–Feldman* doctrine does not apply when a party seeks money damages for the state court's alleged constitutional deprivations.").  *See also Kohler v. Garlets,* 578 F. App'x 862, 864 (11th Cir. 2014) (reversing dismissal of claim under *Rooker–Feldman* to the extent it sought monetary damages for litigation misconduct during foreclosure proceedings and not a review or reversal of the state court judgment).

1985).  Clerks of court are entitled to qualified immunity from liability "if they were acting pursuant to their lawful authority and following in good faith the instructions or rules of the court and were not in derogation of these instructions or rules." *Henriksen v. Bentley,* 644 F.2d 852, 854-56 (10th Cir.1981).  Similarly, when non-judicial officials, including clerks of court, act "under command of court decrees or under explicit instructions of a judge, the absolute immunity of the judge extends to the clerk."  *Allen v. Lowndes Cnty. Sheriff's Dep't*, 2:07-CV-928-MHT, 2007 WL 4225424 (M.D. Ala. Nov. 28, 2007); *See also Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008).

In this case, Defendant acted pursuant to court order in refusing to file Plaintiff's claims in the state court.  Notably, the state court vexatious litigant order directed that Plaintiff be barred from submitting future pleadings without signature of counsel and payment of the appropriate filing fee.  (Doc. 11-3.)  In addition to the vexatious litigant order, Plaintiff has submitted a letter received from the Chief Deputy Clerk of the Flagler County Court.  (Doc. 11-4).  The document acknowledged receipt of Plaintiff's request for documentation of Defendant's failure to accept Plaintiff's case filings; however the letter explained it was the duty of the Office of the Clerk of the Circuit Court to abide by all judicial orders, and directed Plaintiff to portions of the vexatious litigant order which precluded Defendant from fulfilling Plaintiff's requests.  (*Id.*)  Based on these documents, Defendant acted pursuant to court order in refusing to file Plaintiff's submissions to the state court.  Therefore, the conduct falls within the absolute

immunity extended to clerks of court while acting under judicial instruction, and Plaintiff's claims for monetary damages are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### C.      Amendment

Generally, it is appropriate to allow a Plaintiff proceeding *pro se* leave to amend pleadings prior to dismissal.  However, "a district court need not allow amendment when it would be futile."  *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013).  Plaintiff has already amended his pleadings once in this action as allowed by Federal Rule of Civil Procedure 15.  Moreover, in light of Plaintiff's history with this Court, Plaintiff should know this Court is a court of limited jurisdiction, and he should be familiar with the rules he needs to follow when prosecuting a case in federal court.  Because Plaintiff has repeatedly submitted pleadings which do not differ in substance from his previously dismissed causes, the undersigned believes granting further amendment would be futile.  *See Washington v. Sch. Bd. of Hillsborough Cnty.*, No. 808-CV-2023-T-33MAP, 2009 WL 4042938, at *6 (M.D. Fla. Nov. 23, 2009) ("In this case, Washington has been given many opportunities to file a proper ADA complaint in multiple cases against Defendant. Upon consideration, the Court determines that further amendment would be futile.").

Accordingly, it is respectfully **RECOMMENDED**:

1.      Plaintiff's Motion to proceed *in forma pauperis* (Doc. 3) be **DENIED.**

2.      Plaintiff's claims for injunctive relief be **DISMISSED without**

**prejudice** pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject

matter jurisdiction.

3.      Plaintiff's claims for monetary damages be **DISMISSED with**

**prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief

against a defendant  who is immune from such relief.

4.      Any remaining motions be **DENIED** as moot.

**DONE and ENTERED** at Jacksonville, Florida on January  30th , 2015.


_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE


Copies to:

Honorable Marcia Morales Howard
United States District Judge

Pro Se Party

11