## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ROBERT CRAIG MACLEOD,

                    Plaintiff,

vs.                                          Case No. 3:14-cv-1018-J-34MCR

GAIL WADSWORTH, in her official capacity
as Court Clerk and Comptroller of Flagler
County, Florida,

                    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 41; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on January 30, 2015.   In the Report, Judge Richardson recommends that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 3), which the Court construes as a Motion to Proceed In Forma Pauperis, be denied, that Plaintiff's claims for injunctive relief be dismissed without prejudice for lack of subject matter jurisdiction, and that Plaintiff's claims for monetary damages be dismissed with prejudice.  See Report at 11.  On February 13, 2015, Plaintiff filed objections to the Report and a sworn affidavit regarding his objections.  See Plaintiff's Verified Objections to Report and Recommendation (Doc. No. 42; Objections); Sworn Affidavit (Doc. No. 43). In addition, on July 14, 2015, Plaintiff filed a Motion for Oral Argument on Jurisdiction

(Doc. No. 50; Motion for Oral Argument).  However, upon review of the record, the Court determines that oral argument will not assist the Court in this instance, and therefore, the Motion for Oral Argument is due to be denied.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file, the Court will overrule the Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge with the exception of the conclusion that Plaintiff's claim for monetary relief is not barred by the Rooker-Feldman doctrine.[1]

Accordingly, it is hereby

**ORDERED:**

1.      Plaintiff's Motion for Oral Argument on Jurisdiction (Doc. No. 50) is **DENIED**.

---

[1] While Eleventh Circuit precedent suggests that such a claim would be excepted from the application of the Rooker-Feldman doctrine, see Drees v. Ferguson, 396 F. App'x 656, 658 (11th Cir. 2010) & Sibley v. Lando, 437 F.3d 1067, 1070-71 & n.3 (11th Cir. 2005), the court has not directly addressed this issue. Nevertheless, even if Plaintiff's claim for damages is not barred by the Rooker-Feldman doctrine, Plaintiff's claim is due to be dismissed because Defendant is entitled to judicial immunity.

2.      Plaintiff's Verified Objections to Report and Recommendation (Doc. No. 42) are **OVERRULED**.

3.      The Magistrate Judge's Report and Recommendation (Doc. No. 41) is **ADOPTED** as the opinion of the Court to the extent stated in this Order.[2]

4.      Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 3), which the Court construes as a Motion to Proceed In Forma Pauperis, is **DENIED**.

5.      Plaintiff's claims for injunctive relief are **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

6.      Plaintiff's claims for monetary damages are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against a defendant who is immune from such relief.

---

[2] In doing so the Court notes that shortly after filing the Objections, Plaintiff, without seeking leave of Court, filed two additional amended complaints. See Verified Complaint Amendment 2 (Doc. No. 45; Proposed Second Amended Complaint); Verified Complaint Amendment 3 (Doc. No. 48; Proposed Third Amended Complaint). Although these documents are not properly before the Court, in an abundance of caution, before determining whether to accept the recommendation of the Magistrate Judge, the Court has considered whether the Proposed Second Amended Complaint and the Proposed Third Amended Complaint would cure the Plaintiff's pleading deficiencies. Having determined that they do not, the Court concludes that this action is due to be dismissed.

7.     The Clerk of the Court is **DIRECTED** to terminate all deadlines and motions

as moot, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of October, 2015.


MARCIA MORALES HOWARD
United States District Judge


lc18


Copies to:

The Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of Record