**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT CRAIG MACLEOD,

      Plaintiff,

vs.                                         Case No. 3:14-cv-1018-J-34MCR

GAIL WADSWORTH, in her official capacity
as Court Clerk and Comptroller of Flagler
County, Florida,

      Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration (Doc. 66; Motion), filed on March 25, 2016. In the Motion, Plaintiff seeks reconsideration of the Court's October 6, 2015 Order (Doc. 53) adopting the Magistrate Judge's Report and Recommendation (Doc. 41) and dismissing this case. See Motion at 4. In support of this request, Plaintiff cites to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure (Rule(s)). Id. at 1. Because Plaintiff filed the Motion more than twenty-eight days after entry of the Order, the Court construes the Motion as a request for reconsideration pursuant to Rule 60(b). See Jones v. S. Pan Servs., 450 F. App'x 860, 862 (11th Cir. 2012) ("An untimely Rule 59(e) motion is properly treated by the district court as a Rule 60(b) motion to vacate the judgment . . . ."). However, upon review of the Motion, the Court finds that Plaintiff fails to demonstrate adequate grounds to warrant reconsideration under Rule

60.  <u>See</u> Rule 60; <u>see</u> <u>also</u> <u>Bilal v. Kearney</u>, No. 2:02CV421FTM29SPC, 2005 WL 1882966, at *1 (M.D. Fla. Aug. 8, 2005).  As such, the Court determines that the instant Motion is due to be denied.[1]

In addition, the Court notes that despite the dismissal of this case, Plaintiff continues to file motions, amended pleadings, and other documents.  <u>See</u>, <u>e.g.</u>, Notice of Amended Complaint (Doc. 65); Motion for Amendment (Doc. 67); Motion for Disqualification (Doc. 68), filed March 25, 2016.[2]  However, because the instant action was closed on October 6, 2015, it is neither appropriate nor necessary to continue filing documents in this case.  If Plaintiff wishes to pursue an appeal, he is free to pursue whatever appealable rights he may have.  However, further filings in this action will not result in the relief he seeks or further action by the Court other than to direct that the document be terminated. Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for Reconsideration (Doc. 66) is **DENIED**.

---

[1] It appears Plaintiff also seeks reconsideration of the Court's March, 15, 2016 Order (Doc. 59) directing the Clerk of the Court to terminate Plaintiff's Motion to Disqualify (Doc. 57), which was filed after the Court had dismissed this case. <u>See</u> Motion at 1, 4.  Because Plaintiff fails to present a valid basis for reconsideration of the Court's March 15, 2016 Order, this request is due to be denied as well.  <u>See</u> <u>Kight v. IPD Printing & Distributing, Inc.</u>, 427 F. App'x 753, 755 (11th Cir. 2011) ("The only grounds for granting a Rule 59(e) motion are the submission of newly-discovered evidence or the demonstration of manifest error.").  As stated below, this case is closed such that Plaintiff's persistent motion practice is inappropriate.

[2] The Court observes that Plaintiff continues to improperly file similar documents in his other closed cases before the undersigned as well.  <u>See</u> <u>McLeod v. Scott</u>, Case No. 3:14-cv-805-J-34JRK, ECF No. 48 (M.D. Fla. filed Mar. 25, 2016) (notice of amended complaint); <u>McLeod v. Scott</u>, Case No. 3:14-cv-792-J-34JRK, ECF No. 50 (M.D. Fla. filed Mar. 25, 2016) (notice of amended complaint).

2. The Clerk of the Court is directed to terminate Plaintiff's Motion for Amendment (Doc. 67) and Motion for Disqualification (Doc. 68).

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of May, 2016.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties